Dear Mr. Gladney:
You have requested the opinion of this office as to whether a committee appointed by the Mayor of the City of Bastrop is a "public body" within the meaning of R.S. 42:4.2(2). It is our understanding that this committee is composed of private citizens and has been furnished with information regarding the city's financial affairs which is available to the public through the Public Records Act. The purpose of this committee is to study this information and come up with a recommendation as to whether the City has sufficient funds to raise salaries for its employees. The Mayor, Mayor-Pro-Tem, City Attorney and City Auditor are ex-officio members of the committee. Their purpose is to give advice to the committee when requested. The committee's report will be made to the Mayor and Board of Aldermen at an open meeting, after which the committee will dissolve itself.
The public policy of the State of Louisiana in favor of open meetings is set forth in R.S. 42:4.1, which provides that:
 "It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of R.S. 42:4.1 through R.S. 42:10
shall be construed liberally.
In furtherance of this policy, R.S. 42:5 requires that every meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6 and R.S. 42:6.1.
A meeting is defined as the convening of a quorum of a public body to deliberate or act on a matter over which the public body as an entity has supervision, control, jurisdiction, or advisory power. R.S. 42:4.2 A(1). The term public body means:
 "[V]illage, town, and city governing authorities; parish governing authorities; school boards, and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee or any of these bodies enumerated in this Paragraph. "Public body" shall not include the legislature."
R.S. 42:4.2 A(2).
This office is of the opinion that the committee appointed by the Mayor of the City of Bastrop is a public body and its meetings should therefore be open to the public. This committee is appointed by the chief executive of a political subdivision of the State and has been granted policy making and advisory functions in the extremely important area of public finance. It is not unlike a board or commission which is created by ordinance but which does not have the authority to bind the executive of governing body of the political subdivision which created it. Although the committee is appointed by the Mayor, in function it can be classified as a subcommittee of the municipal governing body.
Since the deliberations of the committee will constitute an element of the formulation of public policy, the purpose and intent of the Louisiana Open Meeting Law could be frustrated if committee meetings are closed to the public. Accordingly, it is our conclusion that this committee should meet in public so that interested citizens can have the benefit of deliberations and decisions, which could have a profound effect on the public policy of the City of Bastrop.
If we can be of any further assistance to you, please do not hesitate to contact us.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 By: RONALD C. DAVIS
Attachment
OPINION NUMBER 89-481
DECEMBER 14, 1989
90-B-4 — Public Meetings
The Committee of 25 private citizens to advise the Mayor on revisions of the City Charter, is subject to the open meetings law.
Okla Jones, II, Esq. City Attorney City of New Orleans City Hall New Orleans, La. 70112